IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARLENE CRUIT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.4:22-cv-00180 |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY FSB AS OWNER TRUSTEE | § | |
| OF THE RESIDENTIAL CREDIT | § | |
| OPPORTUNITIES TRUST VI-A, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A ("Defendant"), files this notice of the removal of this action from the 59th Judicial District Court, Grayson County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity of citizenship jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1.     On or about August 6, 2018, Plaintiff Darlene Cruit ("Plaintiff") instituted this action, styled *Darlene Cruit v. Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A* under Cause No. CV-22-0178 in the 59th Judicial District Court, Grayson County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of Exhibit B.

2.      Plaintiff filed her *Plaintiff's First Amended Verified Original Petition and Application for Temporary Restraining Order and Temporary Injunction* (the "Amended Petition") on February 21, 2022. The allegations in the Amended Petition relate to a deed of trust and foreclosure proceedings on real property located at 262 Mayes Rd., Sherman, Texas 75090 and as more particularly described in Exhibit A to the Amended Petition (the "Property"). (*See Amd. Pet.* at Exh. A.) Plaintiff alleges Defendants breached a loan modification agreement, failed to send proper notices to foreclose, and is not the mortgagee entitled to foreclose. (*See*, *generally*, *id.*) For these alleged wrongs, Plaintiff asserts causes of action for: (1) breach of contract; (2) suit to quiet title; (3) declaratory relief; and (4) injunctive relief. (*See id*. at §VI.)

3.      This Notice of Removal is timely because thirty (30) days have not expired since the case first became removable, making removal proper in accordance with 28 U.S.C. Section 1446(b)(3).

4.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.      There is diversity between the parties.**

5.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

6.      Plaintiff is an individual and citizen of the state of Texas (*See Amd. Pet.* at §III.)

7.      Defendant is a federal savings bank and a trustee of a mortgage-securitization trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is

the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004). Wilmington Savings Fund Society, FSB's main office is in Delaware, making it a citizen of Delaware for diversity jurisdiction.

        **B.**      **The amount in controversy exceeds $75,000.00.**

      8.      The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory and/or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met

in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

9.      "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests an injunction prohibiting Defendants from foreclosing on the loan and selling the Property. (*See Amd. Pet.*) Plaintiff states the value of the Property "is in excess of $200,000 but less than $1,000,000." (*See id.* at §I.) In addition, the Grayson County Appraisal District shows a total market value of the Property at $602,559.00 and appraised value of $378,895.00, well in excess of $75,00.00, exclusive of interest and costs. (Exhibits C, C-1.)

## VENUE

10.     Venue for removal is proper in this district and division, the United States District Court for the Eastern District of Texas, Sherman Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 59th Judicial District Court, Grayson County, Texas, the forum in which the removed action was pending.

## NOTICE

11.      Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 59th Judicial District Court, Grayson County, Texas.

12.      The contents of Exhibit B constitute the entire file of Cause No. CV-22-0178 in the 59th Judicial District Court, Grayson County, Texas.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   _/s/ Mark D. Cronenwett___
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile:  (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## <u>List of All Parties</u>

Darlene Cruit
Plaintiff

Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit
Opportunities Trust VI-A
Defendant

## <u>Removed From the Following Court</u>

59th Judicial District Court
Grayson County, Texas
Honorable Larry Phillips
Judge Presiding

Grayson County Justice Center
200 S. Crockett St.
Sherman, Texas 75090
(903) 813-4200 x4305
Christi Anderson, Coordinator
andersonc@co.grayson.tx.us

## <u>Current Status of Removed Case</u>

Pending.

## <u>Record of Jury Demand</u>

None.

**<u>List of all Counsel of Record</u>**

<u>For Plaintiff Darlene Cruit:</u>

Ken Harter
Texas Bar No. 09155300
Law Offices of Kenneth S. Harter
5001 Spring Valley Rd. Suite 400-E
Dallas, TX 75244
kenharterlawyer@gmail.com
(972) 308-1503
(214) 206-1491 (Fax)

<u>For Defendant Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A:</u>

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A        Copy of the Docket Sheet for Cause No. CV-22-0178 in the 59th Judicial District Court, Grayson County, Texas;

Exhibit B        Pleadings in Cause No. Cause No. CV-22-0178 in the 59th Judicial District Court, Grayson County, Texas;

        B-1        Plaintiff's Original Petition, February 17, 2022;

        B-2        Plaintiff's First Amended Verified Original Petition and Application for Temporary Restraining Order and Temporary Injunction, February 21, 2022;

        B-3        Temporary Restraining Order, February 22, 2022;

Exhibit C        Declaration of Mark D. Cronenwett; and

        C-1        Printout from the Grayson County, Texas Central Appraisal District website on March 7, 2022.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via U.S. Mail on the following counsel of record on March 7, 2022:

Kenneth S. Harter
5001 Spring Valley Rd. Suite 400-E
Dallas, Tx. 75244
kenharterlawyer@gmail.com

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**