FILED
2/21/2022 10:26 AM
Kelly Ashmore
District Clerk
Grayson County

Cause No. CV-22-0178

| | | |
|---|---|---|
| DARLENE CRUIT | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | |
| | § | |
| WILMINGTON SAVINGS FUND | § | GRAYSON COUNTY, TEXAS |
| SOCIETY FSB AS OWNER TRUSTEE OF | § | |
| THE RESIDENTIAL CREDIT | § | |
| OPPORTUNITIES TRUST VI-A | § | |
| | § | |
| Defendant | § | JUDICIAL DISTRICT |

**PLAINTIFF'S FIRST AMENDED VERIFIED ORIGINAL PETITION
AND
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
TEMPORARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, DARLENE CRUIT, and files this her Original Petition, and complaining for causes of action alleges as follows:

I

RULE 47 STATEMENT

This suit seeks monetary damages less than $100,000, but concerns title to real estate whose value is in excess of $200,000 but less than $1,000,000.

II

DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level 2, T.R.Civ.Pro. Rule 190.

III

# PARTIES

Plaintiff is DARLENE CRUIT. Plaintiff now, and at all times herein mentioned, is and has been a domiciliary of Grayson County, Texas.

Defendant is WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST VI-A

Defendant is a foreign corporation acting in its capacity as a fiduciary. Defendant has failed to register with the Texas Secretary of State as such, as is required by the Texas Estates Code Chapter 505. Defendant has no registered agent for service of process in the state of Texas, and has no office in the State of Texas. Accordingly, it must be served by service upon the Texas Secretary of State, who should then forward citation and petition to Defendant at its home or home office, located at:

    409 Silverside Rd. Suite 100

    Wilmington, DE 19809-1771

## IV

## VENUE

Venue is mandatory in this County because this suit concerns title to real estate located in this County.

## V

## FACTS

1. This suit concerns that parcel of real estate described on Exhibit A, attached hereto and incorporated by this reference.
2. Plaintiff acquired the property by way of a warrant deed recorded as Instrument No. 2007-19020, deed records of Grayson County, Texas.

3. At the time Plaintiff purchased the property she executed a deed of trust in favor of Pointbank. The said deed of trust is recorded as Instrument No. 2007-19021.

4. Subsequently, an Assignment of said deed of trust was executed in favor of OneWest Bank, FSB, by a person purported to be an officer of Mortgage Electronic Registration System, Inc. (MERS), which was named as beneficiary, in the deed of trust, as nominee only for Pointbank.

5. In fact, the person executing the Assignment was not an officer or employee of MERS and was not duly appointed by MERS to be empowered to executed instruments of conveyance on its part.

6. Through a subsequent chain of assignments, Defendant claims ownership of the deed of trust.

7. Before the assignment of the deed of trust to Defendant, a previous purported owner of the deed of trust, Nationstar Mortgage, entered into a modification agreement with Plaintiff.

8. Defendant has refused to acknowledge the effect and enforceability of said modification.

9. Plaintiff has complied with all terms and conditions of said modification.

10. Defendant, refusing to acknowledge same, has posted the property for foreclosure for March 1, 2022..

11. Defendant did not properly accelerate the mortgage note previously, however, having failed to first send a Notice of Default.

12. Plaintiff has complied with all terms and conditions of the modification agreement.

13. Defendant, by failing to abide by its obligations under the Deed of Trust and the Property Code, is in breach of contract.

14. Plaintiff has suffered damages proximately caused by said breach, for which she prays for damages and attorney fees.

## VI

## CAUSES OF ACTION

### A

### BREACH OF CONTRACT

1. Plaintiff refers to and incorporates each allegation set forth above.
2. There exists a contract between the parties hereto.
3. Defendant has breached the agreement by declaring the loan to be in default and by posting the property for foreclosure.
4. Plaintiff has complied with all conditions precedent imposed upon her by the agreement.
5. Plaintiff has sustained damages as a result of Defendant's material breach of the contract.
6. Plaintiff has been required to retain the services of the undersigned, an attorney licensed to practice law in the State of Texas.   Plaintiff prays that she be awarded the reasonable and necessary attorney fees incurred in the prosecution of this action.

### B

### QUIET TITLE

1. Plaintiff refers to and incorporates by this reference each allegation above.
2. Defendant claims ownership of the deed of trust encumbering the property.
3. Defendant does not in fact own the deed of trust, there existing a fatal break in the chain of title.  Plaintiff has conducted a search of the deed records of the County and has not

found where an assignment of the deed of trust to Defendant has been filed. Nevertheless, Defendant claims ownership thereof based upon its filing of a Notice of Foreclosure.

4.  Plaintiff prays that the Court decree that she owns the property free of said deed of trust.

C

DECLARATORY RELIEF

1.  Plaintiff refers to and incorporates by this reference each allegation stated above.
2.  There exists a controversy between the parties with respect to the validity and enforceability of the deed of trust.
3.  There further exists a controversy between the parties as to the entitlement of Defendant to exercise the powers of sale under the terms of the deed of trust.
4.  Plaintiff seeks a Declaratory Judgment finding and decreeing that
    a.  there is no breach of the deed of trust;
    b.  That Defendant did not accelerate the mortgage note;
    c.  That Defendant did not have the right post the property for foreclosure.
5.  Plaintiff should further be awarded attorney fees and costs pursuant to the Uniform Declaratory Judgments Act.

D

INJUNCTION

1.  Plaintiff refers to and incorporates by this reference each allegation above.
2.  Plaintiff's interest in the real property is unique.
3.  Defendant threatens to foreclose the deed of trust and auction Plaintiff's property.

4. Plaintiff will suffer irreparable injury in the event that the foreclosure is allowed to proceed.

5. Defendant is not legally entitled to foreclose the property because Plaintiff did not materially breach the terms of the security interest.

6. Plaintiff prays that the Court grant *ex parte* a Temporary Restraining Order enjoining the foreclosure of the property.

7. Plaintiff further prays that upon Notice and Hearing the Court continue said Temporary Restraining Order as a Temporary Injunction.

Plaintiff requests that Defendant disclose to her that information specified in Rules 190 and 194, T.R.Civ.Pro., within fifty (50) days of service hereof.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court immediately issue a TRO enjoining the scheduled foreclosure of the property, that Defendant be cited to answer and appear herein, and that upon final trial the Court grant the relief prayed for herein, attorney fees, costs of Court, and such other and further relief as the Court deems just.

Respectfully submitted,

LAW OFFICES OF KENNETH S. HARTER

/s/ Kenneth S. Harter
Kenneth S. Harter
State Bar ID 09155300
5001 Spring Valley Rd. Suite 400-E
Dallas, Tx. 75244
(972) 308-1503
Fax (214) 206-1491
kenharterlawyer@gmail.com

Attorneys for Plaintiff

## VERIFICATION

State of Texas
County of Grayson

## UNSWORN DECLARATION MADE PURSUANT TO CIVIL PRACTICE AND REMEDIES CODE §132.001

My name is Darlene Cruit. I am above the age of 18 and fully competent to make this declaration. This declaration is made under oath, pursuant to C.P.R.C. §132.001. All facts stated herein are within my personal knowledge and are true and correct.

I am the Plaintiff in this case. The facts stated above are true and correct to the best of my knowledge.

Darlene Cuit

## JURAT

My name is Darlene Cruit.. My address is 262 Mayes Rd., Sherman, Texas, 75090. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Sherman, Grayson County, Texas, on this the 17th day of February, 2022

Darlene Cruit

# EXHIBIT A

Case 4:22-cv-01800-O Document 1-8 Filed 05/05/23 Page 9 of 11 PageID 30
Case 4:22-cv-01800-O Document 1 Filed 07/22/22 Page 9 of 11 PageID #: 59

Cruit vs. MTGLQ Investors, LP    First Amended Original Petition    pg. 8

Case 4:24-cv-00180-ALM Document 1 Filed 03/03/22 Page 10 of 11 PageID #: 60
Case 4:20-cv-00180-ALM Document 1 Filed 07/03/20 Page 10 of 11 PageID #: 807
BK Vol Pg
00019020 OR 4297 807

# EXHIBIT "A"

## DESCRIPTION

A tract of land situated within the Harmon Wynn Survey, Abstract Number 1313, Grayson County, Texas and being the same tract of land as conveyed from Debra Ann Scribner to First Interstate Bank of Texas, N. A., Trustee of the Shy James Scribner Lifetime Trust by a deed filed for record in Volume 2008 at Page 907 of the Deed Records of Grayson County, Texas, Save and Except a called 1.487 acre portion conveyed from First Interstate Bank of Texas, N. A., Trustee of the Shy James Scribner Lifetime Trust to Richard M. Smith and wife, Lauren Smith by a deed filed for record in Volume 2500 at Page 346 of the Deed Records of Grayson County, Texas. Said tract of land being more particularly described by metes and bounds as follows:

Commencing, for a tie, at a 1/2" rebar found, on the East boundary line of a tract of land conveyed to R. M. Smith, et al by a deed filed for record in Volume 2316 at Page 422 of the Deed Records of Grayson County, Texas, for the Northwest corner of the aforementioned Scribner tract and the aforementioned 1.487 acre Smith tract, the Southwest corner of a tract of land conveyed to I. M. Sexton, Trustee by a deed filed for record in Volume 1523 at Page 586 of the Deed Records of Grayson County, Texas;

Thence N 89°59'16" E, along the common boundary line of the aforementioned Scribner and Sexton tracts, 117.46 feet to a point in Mayes Road for the Northeast corner of the aforementioned 1.487 acre Smith tract and the Point of Beginning of the tract of land herein described;

Thence N 89°59'16" E, continuing along the aforementioned common boundary line, passing at 16.92 feet a 1/2" rebar with a cap marked "Ref Cor RPLS 4967" set for a reference corner and continuing for a total distance of 1,043.68 feet to a pipe fence corner post set in concrete found for the common North corner of the aforementioned Scribner tract and a tract of land conveyed to J. Wall, et ux by a deed filed for record in Volume 2819 at Page 322 of the Deed Records of Grayson County, Texas;

Thence S 00°01'52" W, along the East boundary line of the aforementioned Scribner tract, 295.32 feet to a point in an existing pvc rail fence for a corner;

Thence S 00°22'29" W, continuing along the aforementioned East boundary line, 511.07 feet to a 1/2" rebar found for the common East corner of the aforementioned Scribner tract and a tract of land conveyed to C. E. Phillips by a deed filed for record in Volume 1219 at Page 428 of the Deed Records of Grayson County, Texas;

Thence N 89°54'23" W, along the common boundary line of the aforementioned Scribner and Phillips tracts, passing at 1,151.03 feet a 1/2" rebar with a cap marked "Ref Cor RPLS 4967" set for a reference corner and continuing for a total distance of 1,164.32 feet to a point in Mayes Road for the intended common South corner of the tract of land herein described and the above-mentioned 1.487 acre Smith tract;

Thence in a Northerly direction, generally with the centerline of Mayes Road, along the intended common boundary line of the tract of land herein described and the aforementioned called 1.487 acre Smith tract:

N 02°04'52" E, 75.35 feet to a point for a common corner;
N 09°49'58" E, 52.24 feet to a point for a common corner;
N 16°49'10" E, 191.62 feet to a point for a common corner;
N 16°59'19" E, 146.73 feet to a point for a common corner;
N 14°56'24" E, 144.84 feet to a point for a common corner;
N 01°19'27" E, 100.92 feet to a point for a common corner;
N 08°52'53" W, 66.51 feet to a point for a common corner;
N 17°54'42" W, 49.58 feet to the Point of Beginning.

Said tract of land containing 870,675 square feet or 19.988 acres, more or less.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kenneth Harter on behalf of Kenneth Harter
Bar No. 09155300
kenharterlawyer@gmail.com
Envelope ID: 61979037
Status as of 2/23/2022 10:35 AM CST

Associated Case Party: Darlene Cruit

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| kenneth sharter | | ken@kenharter.com | 2/22/2022 3:54:22 PM | SENT |